DAVID B. GOLUBCHIK (SBN 185520)
TODD A. FREALY (SBN 198780)
MICHAEL G. D'ALBA (SBN 264403)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: *DBG@LNBYG.COM*; *TAF@LNBYG.COM*; *MGD@LNBYG.COM*

Attorneys for John Pringle, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>SIR TAJ, LLC,<br><br>                Debtor. | Case No.: 2:24-bk-10874-VZ<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR PRODUCTION OF DOCUMENTS BY US BANK UNDER FRBP 2004; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MICHAEL G. D'ALBA IN SUPPORT THEREOF**<br><br>**[No Hearing Required Pursuant to Local Bankruptcy Rule 2004-1]** |

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUTPCY JUDGE, THE DEBTOR, THE OFFICE OF THE UNITED STATES TRUSTEE, AND U.S. BANCORP DBA U.S. BANK:**

**PLEASE TAKE NOTICE** that John P. Pringle, solely in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the above-captioned bankruptcy case of Sir Taj LLC (the "Debtor"), hereby files this motion (the "Motion") for the entry of an order, pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1, compelling the production of documents by U.S. Bancorp dba U.S. Bank. The full basis of the Motion is set forth in detail herein and in the attached Memorandum of Points and Authorities.

Prior to the filing of this Motion, and in accordance with Local Bankruptcy Rule 2004-1(a), counsel for the Trustee conferred with the Bank regarding the Trustee's request for information and documents. The Bank advised that a subpoena was necessary for the material that the Trustee seeks. Accordingly, the Trustee now files this Motion in order to have the authority to issue a subpoena for such material.

The document production requested by this Motion cannot proceed under Rules 7030 or 9014 of the Federal Rules of Bankruptcy Procedure because there is currently no adversary proceeding or contested matter pending against the Bank or any other party which implicates the information and documents sought by the Trustee. Thus, discovery under Rule 7030 or 9014 is unavailable to the Trustee at this time.

This Motion is based upon Rule 2004 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2004-1, the Memorandum of Points and Authorities and the Declaration of Michael G. D'Alba annexed hereto, the entire record in the Debtor's bankruptcy case, and any other evidence properly presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 2004-1, the Court may grant the Motion without a hearing. Upon the entry of a Court order granting the Motion, the Bank shall be served with a subpoena requiring it to produce the information and documents sought by the Trustee.

**PLEASE TAKE FURTHER NOTICE** that, if grounds exist under Rule 7026 of the Federal

1  Rules of Bankruptcy Procedure and Rule 26(c) of the Federal Rules of Civil Procedure, the Bank
2  may object to the document production by filing a motion for protective order with the Clerk of the
3  Bankruptcy Court and serving such motion on the United States Trustee as well as counsel for the
4  Trustee whose name and address appear at the top, left-hand corner of the first page of this Notice.
5  Any motion for protective order must be filed and served not less than fourteen (14) calendar days
6  before the proposed date of the document production and set for hearing not less than two (2) court
7  days before the proposed date of the document production, unless an order shortening time is granted
8  by the Court.

      WHEREFORE, the Trustee respectfully requests that the Court enter an order:

      (1)    granting the Motion in its entirety;

      (2)    authorizing the Trustee to issue a subpoena compelling the Bank to produce the documents described in Exhibit A attached hereto by 10:00 a.m. on July 2, 2024, or such other date and time as may be agreed to by the Trustee and the Bank;

      (3)    granting such other and further relief as the Court deems just and proper.

Dated: June 10, 2024

LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.

By:    /s/ Michael G. D'Alba
      DAVID B. GOLUBCHIK
      TODD A. FREALY
      MICHAEL G. D'ALBA
Attorneys for John Pringle, Chapter 11 Trustee
for the Bankruptcy Estate of Sir Taj, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF RELEVANT FACTS

1. Sir Taj, LLC, the debtor herein ("Debtor") owns a 32 room hotel known as the Sir Taj Hotel (the "Hotel"), located at 120 South Reeves Drive, Beverly Hills, CA 90212 (the "Property"). All revenue generated by the Hotel is property of the Debtor's bankruptcy estate.

2. The Trustee's investigation revealed that the Debtor had authorized an affiliate by the name of Sir Taj Hotel, LLC (the "Hotel Operating LLC") to operate the Hotel and receive all funds related to the Hotel operations.

3. Hotel Operating LLC had a checking account at US Bank (the "Bank") from which money was transferred to other accounts at US Bank ending in 3003, 1156, 5320, and 6999 (the "US Bank Accounts").

4. Accordingly, funds that belonged to the Debtor were transferred to the US Bank Accounts. By the Motion, the Trustee seeks information and documents from the Bank that the Trustee requires to investigate the transfers of the Debtor's property from Hotel Operating LLC's account to the US Bank Accounts.

5. Prior to the filing of this Motion, and in accordance with Local Bankruptcy Rule 2004-1(a), counsel for the Trustee conferred with the Bank regarding the Trustee's request for information and documents. The Bank advised that a subpoena was necessary for the material that the Trustee seeks. Accordingly, the Trustee by this Motion seeks to compel the Bank to produce the requested information and documents and to obtain authority to issue a subpoena to the Bank for such material. *See* the attached Declaration of Michael G. D'Alba ("D'Alba Decl."). The information and documents that the Trustee seeks are described in Exhibit A attached hereto.

## II.

## DISCUSSION

Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that, "[o]n motion of any party in interest, the Court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The permissible scope of a Rule 2004 examination is very broad and is set forth in Rule 2004(b), which

1   provides, in relevant part that the "examination . . . may relate . . . to the . . . conduct, or property or
2   to the liabilities and financial condition of the debtor, or to any matter which may affect the
3   administration of the debtor's estate . . . ." Fed. R. Bankr. P. 2004(b) (emphasis added).

4   Since the scope of examination under Bankruptcy Rule 2004 extends to "any matter which
5   may affect administration of the debtor's estate," the inquiry permitted under Bankruptcy Rule 2004
6   is broad. "The scope of Rule 2004 examination is 'unfettered and broad' and the rule itself is
7   'peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that
8   an examination under Rule 26 of the Federal Rules of Civil Procedure does.' ... Examinations under
9   Rule 2004 are allowed for the 'purpose of discovering assets and unearthing frauds' and have been
10  compared to 'a fishing expedition.'" *In re Table Talk*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985)
11  (quoting 9 *Collier on Bankruptcy*, ¶ 2004.02[1], 16th ed. rev. 2012).)

12  Measured against this broad standard, the document production requested herein from the
13  Bank is proper and appropriate. The Bank is in possession of information and documentation that are
14  critical to the administration of the Debtor's bankruptcy Estate and to the execution of the Trustee's
15  duties, including, without limitation, the Trustee's duty to investigate if there are assets which
16  constitute property of the Estate and may be recovered for the benefit of the Estate's creditors.
17  Without such information, the Trustee cannot fully perform his duties to investigate potential assets
18  and claims belonging to the Debtor's bankruptcy estate. Accordingly, the Trustee respectfully
19  submits that the document production and examination requested herein fall well within the scope of
20  Bankruptcy Rule 2004, and should be authorized.

21  Local Bankruptcy Rule 2004-1(b) requires that the movant explain why the requested
22  examination cannot proceed under Rules 7030 or 9014, which govern discovery in the context of
23  adversary proceedings and contested matters, respectively.  The Rule 2004 document production and
24  examination requested herein cannot proceed under Rules 7030 or 9014 because there is currently no
25  adversary proceeding or contested matter pending against the Bank or any other party which
26  implicates the documents sought by the Trustee. Thus, discovery under Rule 7030 or 9014 is
27  unavailable to the Trustee at this time.

28  Local Bankruptcy Rule 2004-1 provides that, upon not less than twenty-one (21) days' notice

5

of a Rule 2004 examination to parties in interest, the Court may approve a motion for a Rule 2004 examination without a hearing. *See* Local Bankr. Rule 2004-1. The Trustee will file this Motion and serve it on the Debtor, the United States Trustee, as well as the agent for service of process for the Bank, at least twenty-one (21) days in advance of the date(s) scheduled for the document production. Accordingly, the Trustee will be in compliance with the notice provisions of Local Bankruptcy Rule 2004-1.

### III.
### CONCLUSION

**WHEREFORE**, the Trustee prays that this Court enter an order:

1. Granting the Motion in its entirety;
2. Authorizing the Trustee to issue a subpoena compelling the Bank to produce and permit inspection of the documents described in Exhibit A attached hereto by 10:00 a.m. on July 2, 2024, or such other date and time as may be agreed to by the Trustee and the Bank; and
3. Granting such other and further relief as is just and appropriate.

Dated: June 10, 2024

LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.

By: */s/ Michael G. D'Alba*
    DAVID B. GOLUBCHIK
    TODD A. FREALY
    MICHAEL G. D'ALBA
Attorneys for John Pringle, Chapter 11 Trustee
for the Bankruptcy Estate of Sir Taj, LLC

**DECLARATION OF MICHAEL G. D'ALBA**

I, MICHAEL G. D'ALBA, declare as follows:

1. I am an attorney in the law firm Levene, Neale, Bender, Yoo & Golubchik L.L.P. ("LNBYG"), counsel of record for John P. Pringle, the Chapter 11 trustee (the "Trustee") in the bankruptcy case. I am duly licensed by the State of California and admitted to practice before all courts of the State of California, including this Court. I submit this declaration in support of the attached "Notice Of Motion And Motion For Production Of Documents by US Bank Under FRBP 2004" (the "Motion"). I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto. Capitalized terms not otherwise defined herein shall have the same meaning ascribed to such terms in the Motion.

2. The Trustee is the Chapter 11 Trustee for the bankruptcy estate of Sir Taj, LLC (the "Debtor"). The Trustee's investigation revealed that the Debtor had authorized an affiliate by the name of Sir Taj Hotel, LLC (the "Hotel Operating LLC") to operate the Hotel and receive all funds related to the Hotel operations.

3. The Trustee obtained statements for a checking account of Hotel Operating LLC maintained at US Bank and ending in 5982 (the "5982 Account"). The statements for the 5982 account from 2023 and this year reveal Mobile Banking Transfers from the 5982 Account to four accounts ending in 3003, 1156, 5320, and 6999.

4. On June 4, 2024, I phoned US Bank at the number listed on the statements for the 5982 Account. I spoke to a person named Giselle, who confirmed that the accounts ending in 3003, 1156, 5320, and 6999 were accounts at US Bank (collectively, the "US Bank Accounts").

5. On June 4, I spoke by phone with Edwin Sanchez, the Branch Manager of the US Bank branch located at 9460 Wilshire Boulevard, Beverly Hills, California. Per US Bank's website, such branch is the branch of US Bank that is located nearest to the Hotel. I inquired as to the 5320 Account. Sanchez stated that a business entity other than the Debtor owned the 5320 Account but that such entity might be related to the Debtor. Sanchez suggested that a subpoena would be needed to obtain further information.

6. On June 4, I used the electronic professional networking site "linkedin" to identify

7

any attorneys at US Bank with whom the Trustee could meet and confer pursuant to LBR 2004-1. Sarah Stroebel, Esq. is a US Bank attorney. Per Stroebel's linkedin profile, Stroebel is involved with investigatory inquiries made of US Bank.

7.  On June 4, I e-mailed Stroebel a request for statements for the US Bank Accounts from January 2023 through the present and requested that Stroebel contact me to discuss mutually agreeable arrangements for the production. I advised that if no response was received by 6:00 p.m. on June 6, the Trustee would assume that a subpoena would be needed to obtain the requested documents. My e-mail mistakenly referred to the 5982 Account as an account of the Debtor.

8.  On June 6, I received a call from Megan at US Bank in response to my inquiry of Stroebel. I had multiple conversations with Megan over June 6 and 7 about the possibility of obtaining information on the US Bank Accounts without a subpoena, and I noted to Megan that the 5982 Account belonged to Hotel Operating LLC.

9.  On June 7, Megan stated that she had spoken with "legal" and that "legal" had confirmed that a subpoena would be required to obtain information relative to the US Bank Accounts. Accordingly, the Trustee has had the conference required by LBR 2004-1 and attempted to obtain the voluntary production of the information and documents that are the subject of the Motion.

10. The document production requested by this Motion cannot proceed under Rules 7030 or 9014 of the Federal Rules of Bankruptcy Procedure because there is currently no adversary proceeding or contested matter pending against US Bank which implicates the requested documents. Thus, discovery under Rule 7030 or 9014 is unavailable to the Trustee at this time. The documents and information that the Trustee seeks to have produced are described in Exhibit A attached hereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Los Angeles, California on this 10th day of June, 2024.

　　　　　　　　　　　　　　　　　　　　*/s/ Michael G. D'Alba*
　　　　　　　　　　　　　　　　　　　　Michael G. D'Alba

**EXHIBIT A TO THE MOTION**

**List of Documents and Information that the Trustee Seeks pursuant to FRBP 2004**

## I. DEFINITIONS

Except as set forth below, all words used in this document request have their ordinary meaning.

"HOTEL OPERATING LLC" means Sir Taj Hotel, LLC.

"5982 Account" means the account at US Bank of HOTEL OPERATING LLC.

"3003 Account" means the account at US Bank ending in 3003 that received one or more transfers at any time from the 5982 Account.

"1156 Account" means the account at US Bank ending in 1156 that received one or more transfers at any time from the 5982 Account.

"5320 Account" means the account at US Bank ending in 5320 that received one or more transfers at any time from the 5982 Account.

"6999 Account" means the account at US Bank ending in 6999 that received one or more transfers at any time from the 5982 Account.

"DOCUMENT" and "DOCUMENTS" are used in their broadest sense and mean (1) the originals and any nonidentical copies (whether different from the originals because of notations made on such copies or otherwise) of all "writings," "recordings," and "photographs" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and (2) physical documents, electronic documents and documents created or stored by any means.  This includes, but is not limited to, any written, graphic or otherwise recorded matter however created whether inscribed or stored by hand or by mechanical, electronic, microfilm, photogenic or phonic means or by any other means including abstracts, address books, agreements, analyses of any kind, appointment books, architectural blueprints and drawings, bids, billings, blueprints, books of account, brochures, calendars, audio and video cassettes, charts, circulars, compilations, computer runs and printouts, computer files and

programs, consultant's reports and studies, contracts, correspondence, desk calendars, diagrams, diaries, dictionaries, disks, diskettes, drawings, e-mail, estimates, electronic mail, electronic data of any kind, electronic records of any kind, expense account records, expert's reports or studies, financial statements or calculations, floppy disks, flyers, graphs, house publications, inspection records, sheets and reports, inter-office or intra-office communications, invoices, job descriptions or assignments, layouts, leaflets, ledgers, letters, licenses, lists, mailings, manuals, maps, memoranda of any kind, microfilm, minutes or records of any kind, movies, notes, notebooks, opinions, organizational charts, tables and lists, pamphlets, permits, photographs, pictures, plans, projections, promotional materials, press releases or clippings, publications, procedures, quotations, records and recordings of any kind, renderings, reports of any kind, rework instructions, orders and procedures, schedules, scripts, sketches, slide programs, specifications, statistical analyses, stenographers notebooks, studies of any kind, subcontracts, summaries, tabulations, tallies, tapes, telegrams, teletype messages, telephone logs, timesheets, undertakings, videotapes, vouchers, working drawings, papers and files.

"YOU" and "YOUR" means U.S. Bancorp dba U.S. Bank and all of its employees, officers, directors, insiders, affiliates, real estate agents, appraisers, attorneys and all other agents of any kind.

**II.    INSTRUCTIONS**

a. In producing these DOCUMENTS, YOU are required to furnish all DOCUMENTS in YOUR possession, ownership, custody or control, actual or constructive.

b. The DOCUMENTS produced in response to this request must not be redacted or altered in any manner.

c. The DOCUMENTS produced in response to this request shall be segregated and

clearly marked or labeled as to the specific request to which such DOCUMENTS are responsive and are being produced. Otherwise, such DOCUMENTS shall be produced as they are kept in the usual course of business, including the production of the files from which such DOCUMENTS are taken.

d. If any of these DOCUMENTS cannot be produced in full, YOU are requested to produced them to the fullest extent possible, specifying clearly the reasons for YOUR inability to produce the remainder and stating whatever information, knowledge, or belief YOU have concerning the unproduced DOCUMENTS.

e. If any of the DOCUMENTS requested were at one time in existence, but no longer are, so state and specify for each DOCUMENT: (a) the type of DOCUMENT, (b) the type of information once contained therein, (c) the date upon which it ceased to exist, (d) the circumstance under which it ceased to exist, (e) the identity of all persons having knowledge of the circumstances under which it ceased to exist and (f) the identify of all persons having knowledge or who had knowledge of the contents thereof.

III. **REQUESTED DOCUMENTS**

a. The complete monthly bank statements for the 3003 Account from January 2023 through the present, including pictures of both sides of cancelled checks drawn on the 3003 Account.

b. The signature card for the 3003 Account.

c. The complete monthly bank statements for the 1156 Account from January 2023 through the present, including pictures of both sides of cancelled checks drawn on the 1156 Account.

d. The signature card for the 1156 Account.

e. The complete monthly bank statements for the 5320 Account from January 2023

    through the present, including pictures of both sides of cancelled checks drawn on the 5320 Account.

f.   The signature card for the 5320 Account.

g.   The complete monthly bank statements for the 6999 Account from January 2023 through the present, including pictures of both sides of cancelled checks drawn on the 6999 Account.

h.   The signature card for the 6999 Account.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR PRODUCTION OF DOCUMENTS BY US BANK UNDER FRBP 2004; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MICHAEL G. D'ALBA IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 10, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Alan W Forsley**  alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Todd A. Frealy**  taf@lnbyg.com
- **Amir Gamliel**  amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **David B Golubchik**  dbg@lnbyg.com, dbg@lnbyg.com
- **Stella A Havkin**  stella@havkinandshrago.com, shavkinesq@gmail.com
- **Michael D Kwasigroch**  attorneyforlife@aol.com
- **Marc A Lieberman**  marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **Kelly L Morrison**  kelly.l.morrison@usdoj.gov
- **David L Prince**  dlp@redchamber.com
- **John P Pringle (TR)**  brenfro@rpmlaw.com, jpp@trustesolutions.net;jpringle@rpmlaw.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **June 10, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

U.S. Bancorp dba U.S. Bank
Attn:  C T CORPORATION SYSTEM, Agent for Service of Process
330 N Brand Blvd
Ste 700
Glendale, CA 91203

Debtor:
Sir Taj, LLC
120 South Reeves Drive
Beverly Hills, CA 90212

Sir Taj Hotel, LLC
Attn:  Sergey Vershinin, Agent for Service of Process
120 South Reeves Drive
Beverly Hills, CA 90212

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 10, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SERVED BY EMAIL**
Michael Kwasigroch, Esq.
E-mail address: attorneyforlife@aol.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 10, 2024 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-3.1.PROOF.SERVICE**