DAVID B. GOLUBCHIK (SBN 185520)
TODD A. FREALY (SBN 198780)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; TAF@LNBYG.COM

Attorneys for John P. Pringle, Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:24-10874-VZ |
| SIR TAJ, LLC, | Chapter 11 |
| Debtor. | **NOTICE OF MOTION AND MOTION AUTHORIZING CHAPTER 11 TRUSTEE TO REJECT MANAGEMENT AGREEMENT WITH SIR TAJ HOTEL LLC PURSUANT TO 11 U.S.C. § 365; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN P. PRINGLE IN SUPPORT THEREOF** |
| | Date:  July 23, 2024<br>Time:  11:00 a.m.<br>Place:  Courtroom 1368<br>       U.S. Bankruptcy Court<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

1

1   TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY

2   JUDGE, SIR TAJ HOTEL, LLC AND ITS COUNSEL:

3          PLEASE TAKE NOTICE that on July 23, 2024 at 11:00 a.m., before the Honorable

4   Vincent P. Zurzolo, United States Bankruptcy Judge, located in Courtroom 1368 of the United

5   States Bankruptcy Court, located at 255 E. Temple Street, Los Angeles, California 90012,

6   pursuant to 11 U.S.C. §§ 105(a) and 365(a), Rule 6006 of the Federal Rules of Bankruptcy

7   Procedure ("Bankruptcy Rules"), and Local Bankruptcy Rule 9013-1(f), John P. Pringle, the duly

8   appointed Chapter 11 Trustee ("Trustee") for the bankruptcy estate of Sir Taj, LLC, the debtor

9   herein ("Debtor"), will and hereby does move the Court ("Motion") for authority to reject the

10  management agreement between the Debtor and the Sir Taj Hotel, LLC (the "Hotel Operating

11  LLC") attached as Exhibit 1 to the Declaration of John P. Pringle ("Pringle Declaration")

12  annexed hereto, effective upon May 31, 2024.

13         The Debtor owns a 32-room hotel known as the Sir Taj Hotel (the "Hotel"), located at

14  120 South Reeves Drive, Beverly Hills, CA 90212. The Hotel Operating LLC was the entity

15  tasked with operating the Hotel. In February 2018, the Debtor and the Hotel Operating LLC were

16  owned by Navraj Singh and Paramjit Singh (the "Singhs"). The Singhs entered into a

17  "Management and Operations Agreement for Sir Taj Hotel" dated January 1, 2018 on behalf of

18  the Debtor and with the Hotel Operating LLC (the "Management Agreement"). The

19  Management Agreement documented the terms and conditions on which the Hotel Operating

20  LLC would manage the Hotel for the Debtor. See Exhibit 1. However, the Hotel Operating LLC

21  does not own any property and does not own the revenues generated by the Hotel. After the

22  appointment of the Trustee, the Trustee learned that the Debtor and Hotel Operating LLC did not

23  comply with the Management Agreement in that, among other things, Hotel Operating LLC kept

24  all the revenue from the operation of the Hotel, which is in violation of the Management

25  Agreement and the applicable loan and security documents.  On May 31, 2024, the Trustee took

26  over management of the Hotel with a court approved manager-Trigild IVL ("Trigild").

27         Now that Trigild is in control of the operations of the Hotel on behalf of the Trustee, the

28  Trustee has determined, in the exercise of his sound business judgment, that the Management

Agreement is no longer needed and rejecting the Management Agreement is in the best interests of the estate. Accordingly, by this Motion, the Trustee is seeking authority to reject the Management Agreement effective as of May 31, 2024.

The Motion is based upon 11 U.S.C. §§ 105(a) and 365(a), Bankruptcy Rule 6006, and Local Bankruptcy Rule 9013-1, the Memorandum of Points and Authorities and the Pringle Declaration annexed hereto, the entire record of the Debtor's bankruptcy case, the statements, arguments and representations of counsel to be made at the hearing on the Motion, if any, and any other evidence properly presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), any interested party that wishes to oppose the relief requested in the Motion must file not later than 14 days prior to the scheduled hearing date, with the Clerk of the Bankruptcy Court, located at 255 E. Temple Street, Los Angeles, California 90012, and serve upon the Office of the United States Trustee and counsel for the Trustee, located at the address indicated on the upper left corner of the first page of this notice, "[a] complete written statement of all reasons in opposition thereto ..., declarations and copies of all photographs and documentary evidence on which the responding party intends to rely and any responding memorandum of points and authorities."

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(h), failure to file and serve a timely response may be deemed consent to the relief requested in the Motion.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order:

(1)    affirming the adequacy of the notice given;

(2)    granting the Motion in its entirety;

(3)    authorizing the Trustee to reject the Management Agreement effective as of May 31, 2024; and

///

///

///

3

1        (4)    granting such other and further relief as the Court deems just and proper under the

2    circumstances.

3    Dated:  June 28, 2024           JOHN P. PRINGLE, CHAPTER 11 TRUSTEE
                                        FOR SIR TAJ, LLC
4

5                                By:  */s/ Todd A. Frealy*
                                       Daivd B. Golubchik
6                                      Todd A. Frealy
                                       Levene, Neale, Bender, Yoo & Golubchik L.L.P.
7                                      Attorneys for John P. Pringle, Chapter 11 Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.    Background.**

1.    The Debtor owns a 32 room hotel known as the Sir Taj Hotel (the "Hotel"), located at 120 South Reeves Drive, Beverly Hills, CA 90212 (the "Property"). A related entity known as the Sir Taj Hotel, LLC (the "Hotel Operating LLC"), was operating the Hotel as of the commencement of the Debtor's bankruptcy case.

2.    The Property is subject to a first priority deed of trust in favor of Wells Fargo Bank, National Association, as Trustee, on behalf of the registered holders of CSAIL 2018-CX11 Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2018-CX11 (the "Lender"). Lender is the current owner of a loan in the original amount of $7,575,000.00 that was made to the Debtor on or about February 22, 2018 (the "Loan"). The Debtor is the borrower on the Loan.

3.    In February 2018, the Debtor and the Hotel Operating LLC were owned by Navraj Singh and Paramjit Singh (the "Singhs"). In connection with the Loan, the Singhs entered into a "Management and Operations Agreement for Sir Taj Hotel" dated January 1, 2018 on behalf of the Debtor and with the Hotel Operating LLC (the "Management Agreement"). The Management Agreement documented the terms and conditions on which the Hotel Operating LLC would manage the Hotel for the Debtor.

4.    The Management Agreement provides: "As it pertains to the parties to this agreement, any and all legal title and entitlement to monies that may be injected by Sir Taj, LLC and/or collected by Sir Taj Hotel, LLC through operations of the Hotel, shall, at all times, remain the property of Sir Taj, LLC". See Exhibit 1, Management Agreement, paragraph 2.1.6.

5.    The Management Agreement also provides that the Hotel Operating LLC is not entitled to or receive any fee for performing its obligations under the Management Agreement. See Exhibit 1, Management Agreement, paragraph 3.1. The Management Agreement further provides: "Ownership of Property. Nothing contained herein shall be interpreted as a transfer of

ownership of any real and/or personal property from Sir Taj, LLC to Sir Taj Hotel, LLC. Ownership and title to any and all real and personal property located at the Property and utilized in the operations of the Hotel, including, but not limited to any and all structures and other fixtures relating thereto shall at all times remain the sole property of Sir Taj, LLC." <u>See</u> <u>Exhibit 1</u>, Management Agreement, paragraph 7.

6.      On or about January 31, 2023, the Singhs entered into an equity stock purchase agreement with Sergey Vershinin ("<u>Vershinin</u>"), whereby Vershinin purchased the Singhs' membership interests in the Debtor and the Hotel Operating LLC.

7.      The Debtor commenced this case by filing a voluntary petition under chapter 11 of the Bankruptcy Code on February 6, 2024.

8.      On February 23, 2024, the United States Trustee filed a motion to dismiss, convert or direct the appointment of a chapter 11 trustee for cause, including the Debtor's failure to provide documents, financial reports or attend required meetings. Following a hearing on March 28, 2024, the Court ordered the appointment of a chapter 11 trustee and the Trustee was appointed shortly thereafter. The Trustee remains the duly-appointed and acting chapter 11 trustee for the Debtor's estate.

**B.      <u>Operation of the Hotel by Trigild on Behalf of the Trustee</u>.**

9.      After the appointment of the Trustee, the Trustee learned that the Debtor and Hotel Operating LLC did not comply with the Management Agreement in that, among other things, Hotel Operating LLC kept all the revenue from the operation of the Hotel, which is in violation of the Management Agreement and the applicable loan and security documents. Although numerous demands for turnover were made, the Debtor and its principal have refused and ignored such requests.

10.      On May 31, 2024, Trigild began operating the Hotel on behalf of the Trustee. Now that Trigild is in control of the operations of the Hotel on behalf of the Trustee, the Trustee has determined, in the exercise of his sound business judgment, that the Management Agreement is no longer needed and rejecting the Management Agreement is in the best interests of the

1  estate. Accordingly, by this Motion, the Trustee is seeking authority to reject the Management

2  Agreement effective as of May 31, 2024.

3

4                                              **II.**

5                                     **DISCUSSION**

6  **A.     The Trustee Should Be Authorized To Reject The Management Agreement.**

7          Barring certain exceptions not herein relevant, Section 365(a) of the Bankruptcy Code

8  authorizes a debtor in possession, "subject to the Court's approval, ... [to] assume or reject any

9  executory contract or unexpired lease of the debtor." A debtor in possession may assume or

10  reject executory contracts for the benefit of the estate. *In re Klein Sleep Products, Inc.*, 78 F.3d

11  18, 25 (2d. Cir. 1996); *In re Central Fla. Metal Fabrication, Inc.*, 190 B.R. 119, 124 (Bankr.

12  N.D.Fla. 1995); *In re Gucci*, 193 B.R. 411, 415 (S.D.N.Y. 1996). In reviewing a debtor in

13  possession's decision to assume or reject an executory contract, a bankruptcy court should apply

14  the "business judgment test" to determine whether it would be beneficial to the estate to assume

15  it. *In re Continental Country Club, Inc.*, 114 B.R. 763, 767 (Bankr. M.D.Fla. 1990); *see also In*

16  *re Gucci, supra*, 193 B.R. at 415; *NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir.

17  1982) ("The usual test for rejection of an executory contract is simply whether rejection would

18  benefit the estate, the 'business judgment' test."). The business judgment standard requires that

19  the court follow the business judgment of the debtor unless that judgment is the product of bad

20  faith, whim, or caprice. *In re Prime Motors Inns*, 124 B.R. 378, 381 (Bankr. S.D.Fla. 1991),

21  *citing Lubrizol Enterprises v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985),

22  *cert. denied*, 475 U.S. 1057, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986); *see also In re Trans World*

23  *Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

24          The Trustee is in possession of the Hotel and is operating it through the services of

25  Trigild. Thus, it is no longer necessary for the Hotel to be managed by the Hotel Operating LLC.

26  Moreover, the Hotel Operating LLC owns nothing and is not entitled to any fees in connection

27  with its operation of the Hotel. Accordingly, the Trustee submits that it is reasonable and

28  appropriate to grant the Trustee authority to reject the Management Agreement. By this Motion,

the Trustee is seeking to have the effective date of the rejection of the Management Agreement be May 31, 2024, which is when Trigild took over operations for the Trustee.

The Ninth Circuit has held that a bankruptcy court, in exercising its equitable powers under 11 U.S.C. § 105(a), may approve the rejection of a nonresidential lease retroactive to the motion filing date when necessary or appropriate to carry out the provisions of 11 U.S.C. § 365. *Pacific Shores Development, LLC v. At Home Corporation (In re At Home Corporation)*, 392 F.3d 1064, 1071 (9th Cir. 2004) (rejection of unexpired nonresidential lease retroactive to motion filing date was not "abuse of discretion" under the circumstances presented in the case, and the landlord's possession of the leased premises is not a requirement for such retroactive relief). Here, the Trustee is seeking to have the effective date of the rejection of the Management Agreement be the date that Trigild began operating the Hotel for the Trustee. The Trustee submits that the proposed effective date of the rejection of the Management Agreement is reasonable, appropriate and warranted under the circumstances of this case.

For all of the reasons set forth above, the Trustee submits that it is in the best interests of the estate to grant the relief requested in this Motion and to authorize the Trustee to reject the Management Agreement on the terms set forth herein.

## III.

## CONCLUSION

For all of the reasons set forth above, the Trustee respectfully requests that the Court do the following:

(1)      affirming the adequacy of the notice given;

(2)      granting the Motion in its entirety;

(3)      authorizing the Trustee to reject the Management Agreement effective as of May 31, 2024; and

///

///

///

8

(4)    granting such other and further relief as the Court deems just and proper under the circumstances.

Dated:  June 28, 2024               JOHN P. PRINGLE, CHAPTER 11 TRUSTEE
FOR SIR TAJ LLC


By:   */s/ Todd A. Frealy*
         David B. Golubchik
         Todd A. Frealy
         Levene, Neale, Bender, Yoo & Golubchik L.L.P.
         Attorneys for John P. Pringle, Chapter 11 Trustee

### DECLARATION OF JOHN P. PRINGLE

I, John P. Pringle, hereby declare as follows:

1.     I am the duly appointed Chapter 11 Trustee of the bankruptcy estate of Sir Taj LLC the debtor herein ("Debtor"). I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2.     The Debtor owns a 32 room hotel known as the Sir Taj Hotel (the "Hotel"), located at 120 South Reeves Drive, Beverly Hills, CA 90212. A related entity known as the Sir Taj Hotel, LLC (the "Hotel Operating LLC"), was operating the Hotel as of the commencement of the Debtor's bankruptcy case.

3.     Based on my review of the Court records, I understand that the Property is subject to a first priority deed of trust in favor of Wells Fargo Bank, National Association, as Trustee, on behalf of the registered holders of CSAIL 2018-CX11 Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2018-CX11 (the "Lender"). Lender is the current owner of a loan in the original amount of $7,575,000.00 that was made to the Debtor on or about February 22, 2018 (the "Loan"). The Debtor is the borrower on the Loan.

4.     Through my review of the applicable documents and records, I understand that in February 2018, the Debtor and the Hotel Operating LLC were owned by Navraj Singh and Paramjit Singh (the "Singhs"). In connection with the Loan, the Singhs entered into a "Management and Operations Agreement for Sir Taj Hotel" dated January 1, 2018 on behalf of the Debtor and with the Hotel Operating LLC (the "Management Agreement"). The Management Agreement documented the terms and conditions on which the Hotel Operating LLC would manage the Hotel for the Debtor.

5.     I am informed and believe that on or about January 31, 2023, the Singhs entered into an equity stock purchase agreement with Sergey Vershinin ("Vershinin"), whereby Vershinin purchased the Singhs' membership interests in the Debtor and the Hotel Operating LLC.

6.     The Debtor commenced this case by filing a voluntary petition under chapter 11 of the Bankruptcy Code on February 6, 2024.

7.      On February 23, 2024, the United States Trustee filed a motion to dismiss, convert or direct the appointment of a chapter 11 trustee for cause, including the Debtor's failure to provide documents, financial reports or attend required meetings. Following a hearing on March 28, 2024, the Court ordered the appointment of a Chapter 11 trustee and I was appointed shortly thereafter. I remain the duly-appointed and acting chapter 11 trustee for the Debtor's estate.

8.      After my appointment, I learned that the Debtor and Hotel Operating LLC did not comply with the Management Agreement in that, among other things, Hotel Operating LLC kept all the revenue from the operation of the Hotel, which is in violation of the Management Agreement and the applicable loan and security documents. Although numerous demands for turnover were made, the Debtor and its principal have refused and ignored such requests.

9.      On May 31, 2024, Trigild began operating the Hotel on my behalf for the benefit of the bankruptcy estate. Now that Trigild is in control of the operations of the Hotel, I have determined, in the exercise of my sound business judgment, that the Management Agreement is no longer needed and rejecting the Management Agreement is in the best interests of the estate. Accordingly, by this Motion, I am seeking authority to reject the Management Agreement effective as of May 31, 2024.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27 day of June, 2024, at City of Industry, California.

_John Pringle_
John P. Pringle

**EXHIBIT "1"**

# MANAGEMENT AND OPERATIONS AGREEMENT FOR
# SIRTAJ HOTEL

**THIS MANAGEMENT AND OPERATIONS AGREEMENT** (this "**Agreement**") is made and entered and entered into as of January 1, 2018 ("**Effective Date**"), between Sir Taj, LLC, a California Limited Liability Company, on the one hand, and Sir Taj Hotel, LLC, a California Limited Liability Company, on the other hand, with reference to the following:

A. Sir Taj, LLC owns fee title to that certain real property located in the County of Los Angeles, State of California, commonly referred to as 120 South Reeves Dr., Beverly Hills, California 90212 (the "**Property**").

B. Sir Taj Hotel, LLC has operated and managed the hotel located on the Property ("the Hotel") since it began operations in May 20, 2008 for Sir Taj, LLC.

C. The relationship between Sir Taj Hotel, LLC, and Sir Taj, LLC has never previously been formalized by any prior written agreement.

D. Sir Taj Hotel, LLC, and Sir Taj, LLC are now desirous of documenting the terms and conditions on which Sir Taj Hotel, LLC will manage the Hotel for Sir Taj, LLC.

**NOW, THEREFORE**, in consideration of the foregoing, the mutual covenants of the parties set forth in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. <u>Management of the Hotel</u>. Sir Taj, LLC hereby appoints and authorizes Sir Taj Hotel, LLC as its sole and exclusive manager of the Hotel for one (1) year commencing from the Effective Date ("the Management Period"). The Management Period shall automatically renew as of January 1st of each year for one additional year, unless notice of termination is given in writing by either party on or before January 1st. Either party may terminate this agreement at the end of the Management Period with or without cause by giving prior written notice not less than sixty days in advance of the termination date. During the Management Period, all funding for the following shall be paid by Sir Taj, LLC:

1.1. Sir Taj, LLC shall remain ultimately responsible for the daily operational decisions to the extent required pursuant to applicable law.

1.2. Sir Taj Hotel, LLC shall arrange for the provision of the bookkeeping, accounting, and administrative functions as reasonably necessary for the proper operation of the Hotel.

1.3. Sir Taj Hotel, LLC shall arrange for the maintenance, repair, and janitorial services which may be necessary to maintain the Hotel and equipment in a clean and safe condition and in good repair in accordance with applicable law.

1.4. Sir Taj Hotel, LLC shall arrange for the utilities reasonably required for operation of the Hotel.

1.5.    Sir Taj Hotel, LLC shall arrange for the provision, as Sir Taj Hotel, LLC deems necessary, of all supplies and inventory used in the Hotel.

1.6.    Sir Taj Hotel, LLC shall handle all employee related tasks, including, but not limited to, hiring, terminating, management, and payroll for the Hotel.

2.    Billings, Collections and Accounts Receivable.

2.1.    Sir Taj Hotel, LLC shall, on behalf of Sir Taj, LLC, use its good faith efforts to collect all cash revenue resulting from Hotel operations for Sir Taj, LLC. Sir Taj, LLC agrees to fully cooperate with Sir Taj Hotel, LLC to make available such billing and accounting information and to provide such financial records for review as shall be necessary to accomplish the billing and collection of charges for services provided for and to cooperate with Sir Taj Hotel, LLC in the completion of reports. Sir Taj, LLC hereby authorizes Sir Taj Hotel, LLC during the Management Period to do the following:

2.1.1.    To bill in Sir Taj, LLC's name, or on Sir Taj, LLC's behalf (subject to Sir Taj Hotel, LLC's right to direct the use of such funds as herein provided and subject to Sir Taj Hotel, LLC's right to a Management Fee, if any).

2.1.2.    To collect accounts receivable resulting from such billing in Sir Taj, LLC's name and on Sir Taj, LLC's behalf;

2.1.3.    To receive payments from all third parties;

2.1.4.    To take possession of and endorse in the name of Sir Taj, LLC any notices, checks, money orders, insurance payments, and other instruments received in payment of the accounts receivable resulting from such billing and deposit them directly in Sir Taj Hotel, LLC's account;

2.1.5.    To initiate legal proceedings in accordance with policies approved by Sir Taj, LLC to collect any accounts or monies owed to the Hotel or Sir Taj, LLC related to the Hotel during the Management Period; and

2.1.6.    As it pertains to the parties to this agreement, any and all legal title and entitlement to monies that may be injected by Sir Taj, LLC and/or collected by Sir Taj Hotel, LLC through operations of the Hotel, shall, at all times, remain the property of Sir Taj, LLC.

2.2.    Sir Taj, LLC shall execute such documentation as may be required by its depository banks to add such person or persons designated by Sir Taj, LLC as the sole signatory on any depository bank of Sir Taj, LLC in which is deposited payments by third parties.  Sir Taj Hotel, LLC shall have no right to withdraw funds from Sir Taj, LLC's bank accounts, issue checks on Sir Taj, LLC's bank accounts, or otherwise instruct any banks with respect to the disposition of any funds deposited into Sir Taj, LLC's bank accounts without authorization of Sir Taj, LLC.

2.3.    Sir Taj Hotel, LLC shall have the right to open one or more bank accounts for the Hotel in the name of Sir Taj Hotel, LLC (the "**Management Account**"), the authorized signatories

of which shall consist solely of persons designated by Sir Taj, LLC.  All monies deposited into the Management Account shall at all times remain the property of Sir Taj, LLC.

    2.4.    All collected revenue received during the Management Period related to operating revenues for services rendered by Sir Taj Hotel, LLC shall be under the control and direction of Sir Taj, LLC.

    2.5.    Sir Taj, LLC shall use the collected revenues which relate to the operation of the Hotel during the Management Period or, if necessary, make available additional cash to:

    2.5.1. Pay for expenses incurred by Sir Taj Hotel, LLC during the Management Period, including both expenses paid during such period and expenses which are due after the Management Period but which were incurred during the Management Period.

3.    Management Fee.

    3.1.    Sir Taj Hotel, LLC shall not entitled to or receive any fee for performing its obligations under this agreement.

    3.2.    If the Hotel incurs losses during the Management Period, Sir Taj, LLC shall be responsible for such losses and shall indemnify Sir Taj Hotel LLC from all claims, demands, liability, and losses related thereto, and Sir Taj, LLC shall pay any license renewal fees arising during the Management Period.

4.    Proprietary Information and Materials. Sir Taj Hotel, LLC acknowledges and agrees that any and all proprietary and confidential materials and information shall be and remain the property of Sir Taj, LLC.

5.    Indemnification.

    5.1.    Except as provided herein and in Section 5.1.1 below, Sir Taj, LLC hereby agrees to indemnify, protect, defend, and hold harmless Sir Taj Hotel, LLC and its members, managers, directors, officers, employees, agents, successors and assigns from and against any and all demands, claims, causes of action, fines, penalties, damages (but specifically excluding lost profits and consequential damages), losses, liabilities (including strict liability), judgments, and expenses (including, without limitation, reasonable attorneys' and other professionals' fees and court costs) (collectively, "**Losses**" and individually,  a "**Loss**") incurred in connection with or arising from the operations of the Hotel.

    5.1.1.    Sir Taj, LLC's agreement hereunder to indemnify, protect, defend and hold harmless specifically excludes any indemnification, protection, defense, or holding harmless by Sir Taj, LLC of Sir Taj Hotel, LLC and its members, managers, directors, officers, employees, agents, successors and assigns for any bad acts, negligence or willful misconduct on the part of Sir Taj Hotel, LLC or its members, managers, directors, officers, employees, agents, successors and assigns occurring in connection with the Hotel or Property or arising from the operations of the Hotel.

3

5.2.    The foregoing indemnification obligations shall survive the expiration or other termination of this Agreement. All matters arising from an indemnified party's negligence, gross negligence or willful misconduct are excluded from the scope of the indemnification.

5.3.    The execution, delivery and performance of this Agreement has been duly authorized by Sir Taj, LLC, and this Agreement constitutes the valid and binding obligation of Sir Taj, LLC, fully enforceable in accordance with its terms, except as enforceability may be restricted, limited or delayed by applicable bankruptcy or other laws affecting creditors' rights generally and except as enforceability may be subject to general principles of equity.

5.4.    To the best of Sir Taj Hotel, LLC's knowledge Sir Taj Hotel, LLC hereby represents and warrants to Sir Taj, LLC as of the Effective Date, that:

> 5.4.1.1.    The execution and delivery of this Agreement by Sir Taj Hotel, LLC does not violate any provision of any agreement or judicial order to which Sir Taj Hotel, LLC is a party or to which Sir Taj Hotel, LLC is subject.

> 5.4.1.2.    The execution, delivery and performance of this Agreement has been duly authorized by Sir Taj Hotel, LLC, and this Agreement constitutes the valid and binding obligation of Sir Taj, LLC, fully enforceable in accordance with its terms, except as enforceability may be restricted, limited or delayed by applicable bankruptcy or other laws affecting creditors' rights generally and except as enforceability may be subject to general principles of equity.

> 5.4.1.3.    All representations and warranties made by Sir Taj, LLC and Sir Taj Hotel, LLC in this agreement shall be true and correct on the date made and their continued validity as to any material fact.

6.    <u>Further Assurances.</u> Each of the parties agrees to execute and deliver any and all further agreements, documents or instruments reasonably necessary to effectuate this Agreement and the transactions referred to herein or contemplated hereby or reasonably requested by the other party to perfect or evidence their rights hereunder.

7.    <u>Ownership of Property.</u> Nothing contained herein shall be interpreted as a transfer of ownership of any real and/or personal property from Sir Taj, LLC to Sir Taj Hotel, LLC. Ownership and title to any and all real and personal property located at the Property and utilized in the operations of the Hotel, including, but not limited to any and all structures and other fixtures relating thereto shall at all times remain the sole property of Sir Taj, LLC.

8.    <u>Entire Agreement; Amendment; Waiver.</u> This Agreement and the other agreements referred to herein, constitutes the entire understanding between the parties with respect to the subject matter hereof, superseding all negotiations, prior discussions and preliminary agreements. This Agreement may not be modified or amended except in writing signed by the parties hereto. No waiver of any term, provision or condition of this Agreement in any one or more instances, shall be deemed to be or be construed as a further or continuing waiver of any such term, provision or condition of this Agreement. No failure to act shall be construed as a waiver of any term, provision, condition or rights granted hereunder.

9.    Assignment. Neither Sir Taj, LLC nor Sir Taj Hotel, LLC may assign their rights nor delegate their duties hereunder to anyone without the prior written consent of the other party which consent shall not be unreasonably withheld or delayed.

10.    No Joint Venture; Third Party Beneficiaries. Nothing contained herein shall be construed as forming a joint venture or partnership between the parties hereto with respect to the subject matter hereof. The parties hereto do not intend that any third party shall have any rights under this Agreement except as expressly provided herein.

11.    Counterparts. This Agreement may be executed and delivered via facsimile and email and in one or more counterparts and all such counterparts taken together shall constitute a single original agreement.

12.    Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to principles of conflicts of law.

13.    Costs and Attorneys' Fees. If any action or proceeding is brought to interpret or enforce the terms of this Agreement, the prevailing party shall be entitled to recover from the other party, in addition to all other damages, all costs and expenses of such action or proceeding, including but not limited to reasonable attorneys' fees, witness fees', court costs and the cost of any appeal. The phrase "prevailing party" as used in this Section shall mean the party who receives substantially the relief desired whether by dismissal, summary judgment or otherwise. The terms of this Section shall survive the termination of this Agreement.

14.    Construction. Both parties acknowledge and agree that they have participated in the drafting and negotiation of this Agreement. Accordingly, in the event of a dispute between the parties hereto with respect to the interpretation or enforcement of the terms hereof no provision shall be construed so as to favor or disfavor either party hereto.

15.    Loan/Financing Compliance. Notwithstanding anything stated herein to the contrary, Sir Taj Hotel LLC agrees to comply with the terms of the loan documents related to any mortgage financing secured by the Hotel including the depositing of all revenue collected in connection with the Hotel into a clearing account or other deposit account as designated in such loan documents.

16.    Opening Mail. Sir Taj Hotel, LLC shall be authorized to open mail addressed to Sir Taj, LLC received at the Hotel. All mail received at the Hotel shall be delivered to Sir Taj, LLC by Sir Taj Hotel, LLC.

17.    Successors. Subject to the express provisions of this Agreements, the covenants and agreements contained in this Agreement bind and inure to the benefit of Sir Taj, LLC, Sir Taj Hotel, LLC, and their respective successors and assigns.

18.    Advice of Counsel. The parties acknowledge and agree that (i) their respective counsel have reviewed or had the opportunity to review, this Agreement, and (ii) this Agreement has been drafted jointly by the parties and that this Agreement shall be construed without regard to any presumption or other rule requiring construction against the party drafting this Agreement.

19.     Severability.  If any covenant, condition, provision, term or agreement of this Agreement is, to any extent, held invalid or unenforceable, the remaining portion thereof and all other covenants, conditions, provisions, terms and agreements of this Agreement will not be affected by such holding, and will remain valid and in force to the fullest extent permitted by law.

20.     Time Is Of The Essence.  Time is of the essence with respect to the performance of every provision of this Agreement in which time of performance is a factor.

21.     Further Representations and Warranties.

21.1.     By their execution of this Agreement, each Party hereto represents and warrants that he/she/it has thoroughly read this Agreement, fully understands same, and has been advised to seek independent representation and advice from attorneys of his/her/its own choice concerning this Agreement, and has obtained same or knowingly and voluntarily declined to do so. No Party shall deny the validity of this Agreement on the grounds that he/she/it did not have advice of legal counsel.

21.2.     Each Party, and their respective attorneys, have made such investigations of the subject matter hereof, and all matters pertaining thereto, as they deem necessary; and in executing this Agreement, no Party is relying upon any statement, representation or promise made by any other Party that is not explicitly set forth herein or in any ancillary agreement.

21.3.     Each person signing this Agreement for a Party which is a corporation or other legal entity, or signing pursuant to a power of attorney or in any other capacity, represents and warrants that he or she has been fully empowered and has the necessary capacity and authority to act for, sign and bind the entity or principal on whose behalf this Agreement is being executed.

21.4.     Each Party hereto represents and warrants that such Party is free to enter into this Agreement and to perform each of the terms and covenants hereby imposed upon such Party.

21.5.     Jointly Drafted; Interpretation.  The Parties hereto represent that they have jointly participated in the negotiation and drafting of this Agreement; and accordingly, in the event of a dispute, neither Party shall be ascribed as the author of this Agreement, which shall be construed and interpreted fairly and simply, as though all Parties participated equally in the drafting of the various provisions hereof, and not strictly for or against any other Party.

     **IN WITNESS WHEREOF**, the parties hereby execute this Agreement as of the Effective Date.

"SIR TAJ, LLC":

By: _____

Name _____NAVRAJ SINGH_____

Its: ____MANAGING PARTNER____

"SIR TAJ HOTEL, LLC":

By: _____

Name _____NAVRAJ SINGH_____

Its: ____MANAGING PARTNER____

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION AUTHORIZING CHAPTER 11 TRUSTEE TO REJECT MANAGEMENT AGREEMENT WITH SIR TAJ HOTEL LLC PURSUANT TO 11 U.S.C. § 365; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN P. PRINGLE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 28, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Michael G D'Alba**    mgd@lnbyg.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Todd A. Frealy**    taf@lnbyg.com
- **Amir Gamliel**    amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **David B Golubchik**    dbg@lnbyg.com, dbg@lnbyg.com
- **Stella A Havkin**    stella@havkinandshrago.com, shavkinesq@gmail.com
- **Michael D Kwasigroch**    attorneyforlife@aol.com
- **Judy M Lam**    JLAM@MAYNARDNEXSEN.COM, mdunn@maynardnexsen.com
- **Marc A Lieberman**    marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov, dare.law@usdoj.gov,noreen.madoyan@usdoj.gov,david.s.shevitz@usdoj.gov
- **David L Prince**    dlp@redchamber.com
- **John P Pringle (TR)**    brenfro@rpmlaw.com, jpp@trustesolutions.net;jpringle@rpmlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **June 28, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Sir Taj Hotel, LLC
Attn:  Sergey Vershinin,
Agent for Service of Process
120 South Reeves Drive
Beverly Hills, CA 90212

Hon. Vincent Zurzolo
United States Bankruptcy Court
255 E. Temple Street, Suite 1360
Los Angeles, CA  90012

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**3.** __SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL__ (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **_June 28, 2024_**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 28, 2024 | Lisa Masse | /s/ Lisa Masse |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**